UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 FEB 11 PM 2:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 11 2003

| | |
|---|---|
| DIANA PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-02-S-3207-S |
| | ) |
| JERRY UNDERWOOD, Deputy | ) |
| Sheriff, in his official and individual | ) |
| capacity as Deputy Sheriff of Jefferson | ) |
| County; JIM WOODWARD, Sheriff of | ) |
| Jefferson County, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Diana Pearson asserts a claim against defendants based upon 42 U.S.C. § 1983, as well as a state law claim for conversion, arising from the alleged destruction of her personal property by defendant Deputy Sheriff Jerry Underwood during eviction from the apartment she had occupied.[1] The action is before the court on the motion to dismiss filed by Deputy Sheriff Underwood.[2] He contends that plaintiff has failed to state a claim upon which relief can be granted, and that he is entitled to immunity.

### I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[3] Consequently, a complaint should not be dismissed

---

[1] Doc. no. 1 (Complaint).
[2] Doc. no. 6.
[3] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an

for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[4] Even so, pleadings must be "something more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King &*

---

original claim, counter-claim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[4] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

*Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

This low bar has been raised, however, with respect to claims based upon 42 U.S.C. § 1983. *See, e.g., GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998).

> [W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [his, her, or] its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out [his, her, or] its claim. Some factual detail in the pleadings is necessary to the

3

adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

*Id.* at 1367 (citations omitted).

## II. DISCUSSION

### A. Immunity for Section 1983 Claim

Plaintiff has sued Deputy Sheriff Underwood in both his official and individual capacity. Alabama deputy sheriffs are viewed as "an extension of the Sheriff." *Carr v. City of Florence*, 916 F.2d 1521, 1526 (11th Cir. 1990); *see also Terry v. Cook*, 866 F.2d 373, 377 (11th Cir. 1989) ("Under Alabama law, a deputy sheriff is the general agent of and empowered to enter into business transactions for the sheriff."). Eleventh Amendment immunity therefore extends to deputies when sued in their official capacities, because of their "traditional function under Alabama law as the Sheriff's alter ego." *Carr*, 916 F.2d at 1527. Plaintiff's § 1983 claim against Deputy Sheriff Underwood in his official capacity is due to be dismissed.

When a state official is sued personally, or in an "individual capacity," the plaintiff thereby seeks money damages directly from the person. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("When a plaintiff sues a municipal officer in the officer's individual capacity for alleged civil rights violations, the plaintiff seeks money damages directly from the individual officer."). Such suits are not barred by the Eleventh Amendment. Stated differently, the official is deemed to be a "person" subject to suit for money damages, because relief is sought from the individual person, *not* the governmental entity the official represents. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 31, 112 S. Ct. 358, 365, 116 L. Ed. 2d 301 (1991) ("state officials, sued in their individual capacities, are

4

'persons' within the meaning of § 1983"); *Colvin v. McDougall*, 62 F.3d 1316 (11th Cir. 1995).

It is well settled that "[g]overnment actors performing discretionary functions are entitled to qualified immunity from civil trials for money damages and may not be held liable in their individual capacity 'if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known."'" *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir. 1995) (quoting *Lassiter v. Alabama A & M University*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc), in turn quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)).

Taking the allegations of the complaint as true, it is clear that Deputy Sheriff Underwood performed discretionary, rather than ministerial, functions in effecting plaintiff's eviction, resulting in damage to her personal property. The inquiry then turns to whether plaintiff sufficiently has alleged that Deputy Sheriff Underwood's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known.

Plaintiff's complaint contains, in pertinent part, the following allegations:

11. On January 3rd, 2001, at or about 9:00 a.m., Defendant Sheriff [sic] Underwood, while on duty as a Jefferson County Deputy Sheriff in the employ of the Sheriff Woodward, . . . was called and responded to a call from the landlord to remove the property of the plaintiff from the apartment where the plaintiff had been evicted pursuant to a seizure order issued by the Sheriff's department.

12. Deputy Sheriff Underwood forcibly removed the plaintiff's property from her apartment on January 3rd, 2001 and intentionally destroyed the personal property of Plaintiff and caused unnecessary damage and destruction to the property belonging to the plaintiff by throwing it over the balcony and onto the ground. A complaint was filed by the plaintiff with the internal affairs department of the Sheriff's department and the plaintiff was informed after the testimony of three eyewitnesses and photographs of the damaged and destroyed property, that Deputy Sheriff [sic] had acted pursuant to department

policy and that he was not guilty of any department policiest [sic].[5]

Deputy Sheriff Underwood analogizes plaintiff's status as an "evicted person" to that of a homeless individual, with no property interest in items stored without permission on private property. This characterization is not apt, however. As the Supreme Court has observed:

> [t]he Fourth Amendment, made applicable to the States by the Fourteenth, *Ker v. California*, 374 U.S. 23, 20, 83 S. Ct. 1623, 1628, 10 L. Ed. 2d 726 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and *effects*, against unreasonable searches and *seizures*, shall not be violated...."
>
> A "seizure" of property, we have explained, occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984).

*Soldal v. Cook County*, 506 U.S. 56, 61, 113 S. Ct. 538, 543, 121 L. Ed. 2d 450 (1992) (emphasis supplied). Judging the complaint against this standard, the court concludes that plaintiff has sufficiently alleged a violation of rights as protected by the Fourth Amendment, and this aspect of the motion to dismiss is due to be denied.

## B.    Immunity for State Law Claim

Deputy Sheriff Underwood also contends that he is immune from suit with respect to plaintiff's state law claim for conversion. The court agrees, and this aspect of the motion to dismiss is due to be granted. *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) (under Alabama law, sheriffs and deputy sheriffs are entitled to state sovereign immunity for trespass and conversion claims).

For the foregoing reasons, the motion to dismiss filed by Deputy Sheriff Underwood is due to be granted in part, and denied in part. A separate order consistent with this memorandum opinion

---

[5]Doc. no. 1 (Complaint), at 3-4.

will be entered contemporaneously herewith.

DONE this __11th__ day of February, 2003.

_____
United States District Judge

7